**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BUDDY TIDDARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-06-716-L** |
| | ) | |
| **MICHAEL J. ASTRUE,**[1] | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability insurance benefits. United States District Judge Tim Leonard referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). As the parties have briefed their respective positions, the matter is now at issue. For the following reasons, it is recommended that the Commissioner's decision be reversed and the matter be remanded for further administrative procedures consistent with this Report and Recommendation.

## I.   PROCEDURAL HISTORY

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is substituted for the former Commissioner, Jo Anne B. Barnhart, as Defendant in this suit.

Plaintiff filed an application for disability insurance benefits on July 7, 2003, alleging that he became disabled as of March 10, 1997, following a work-related back injury.  Tr. 12, 56-58, 62.  Plaintiff later amended his application to state a disability onset date of June 4, 2003.  Tr.  12, 105.  The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 25, 26, 35-37, 39-41. Plaintiff requested a hearing before an administrative law judge, and the hearing was held on December 15, 2005.  Tr. 34, 171-192.  Plaintiff appeared in person with his non-attorney representative and offered testimony in support of his application. Tr. 173-92. The administrative law judge issued her decision on February 21, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act and, therefore, not entitled to benefits. Tr. 9-11, 12-17.  The Appeals Council denied Plaintiff's request for review on May 10, 2006, and thus, the decision of the administrative law judge became the final decision of the Commissioner. Tr. 4-6.

## II.  STANDARD OF REVIEW

Judicial review of the agency's decision focuses on

whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show [that] it has done so, is also grounds for reversal.  Finally, because [judicial] review is based on the record taken as a whole, [courts] will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, [courts] may neither reweigh the evidence nor substitute [their] discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).  The claimant bears the burden to establish a prima facie case of disability at steps one through four.  Id. at 751 n.2.  If the claimant successfully carries  his or her burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity ("RFC") to perform work in the national economy given his or her age, education, and work experience.  Id. at 751.

## III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

The administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 to conclude that Plaintiff was not "disabled" within the meaning of the Social Security Act.  Tr. 13-17.  She first found that Plaintiff had not engaged in substantial gainful activity since the amended disability onset date.  Tr. 14.  At steps two and three, the administrative law judge determined that Plaintiff suffered from chronic back pain associated with degenerative disc disease and that these impairments were severe, but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 14-15. The administrative law judge next concluded that Plaintiff had the residual functional capacity (RFC) to perform a significant range of light work.  Tr. 15-16.  Based on this RFC finding, the administrative law judge found at step four that Plaintiff was not able to perform his past relevant work as a roofer.  Tr. 16. However, at step five, the administrative law judge found that there were a significant number of jobs that a person with Plaintiff's RFC and vocational factors could perform,

relying on Rule 202.11 of the Medical-Vocational Guidelines.  Tr. 16-17.  Therefore, she determined that Plaintiff was not disabled and denied his claim for disability insurance benefits.  Tr. 17.

## IV.  ISSUES ON APPEAL

Plaintiff raises seven arguments on appeal.  First, he claims that the administrative law judge erred in finding that he did not meet Listing 1.04A for Disorders of the Spine. Plaintiff's Opening Brief, pp. 9-11.  Second, he contends that the administrative law judge should have taken vocational expert testimony.   Plaintiff's Opening Brief, pp. 11-12. Third, he alleges that the administrative law judge should have made borderline age findings since Plaintiff was approximately five months away from turning 55 years old on the date of the decision.  Plaintiff's Opening Brief, pp. 12-14.  Next, Plaintiff avers that the administrative law judge gave improper weight to his "treating" physician's opinion. Plaintiff's Opening Brief, pp. 14-16.   He also argues that she applied the wrong standard to his treating chiropractor's report and findings.  Plaintiff's Opening Brief, pp. 16-17. Sixth, he claims that the administrative law judge erroneously determined that he did not file an application for supplemental security income (SSI) benefits.  Plaintiff's Opening Brief, pp. 17-18.   Lastly, Plaintiff contends that the administrative law judge's determination that his claim of disabling pain was not credible is not supported by substantial evidence.  Plaintiff's Opening Brief, pp. 18-19.

## V.        DISCUSSION

In his sixth issue on appeal, Plaintiff claims that the administrative law judge erred in determining that he did not file an application for SSI benefits.  Plaintiff's Opening Brief, pp. 17-18.

The administrative law judge noted in her decision that although Plaintiff's representative argued there were applications pending for both disability insurance and SSI benefits, "there is no evidence of an SSI filing (Exhibits (9E and 1A))."  Tr. 12.  Two Appointment of Representative Forms that Plaintiff executed refer to a claim for both disability insurance and SSI benefits as do certain statements that Plaintiff made to the agency and treating medical personnel.  Tr. 24, 27, 42, 146, 155.  Arguing that these statements may be used to show the existence of an application for benefits, Plaintiff contends that the administrative law judge incorrectly found that he did not apply for SSI benefits.  Plaintiff's Opening Brief, pp. 17-18.

To be entitled to SSI benefits, an individual must file a written application for benefits on a proper application form.  Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (rejecting argument that claimant's statement that he had filed or intended to file an application for SSI benefits made on an application for disability benefits satisfied the application requirement for SSI benefits); 20 C.F.R. §§ 416.305, 416.310.  As the administrative law judge noted, the record is devoid of any evidence that Plaintiff filed a proper written application for SSI benefits on the appropriate agency-designated forms. Tr. 12.

Nevertheless, Plaintiff claims that agency rules permit the use of a claimant's statements to show the existence of an application for benefits and cites to regulations

covering applications for disability benefits in support.  Plaintiff's Brief, p. 18.  The regulations governing applications for SSI benefits contain regulations similar to the disability regulations Plaintiff cited.  <u>Compare</u> 20 C.F.R. § 404.630, <u>with</u> §§ 416.340; 20 C.F.R. § 404.614 <u>with</u> § 416.325, 416.345.  Contrary to Plaintiff's claim however, agency regulations do not allow the existence of an application for SSI benefits to be demonstrated with evidence of oral or written statements.  Rather, these regulations establish that a written application for benefits may be deemed filed as of the date the claimant first manifested an intent to claim disability insurance benefits in writing or inquired about eligibility for SSI benefits if several other conditions are satisfied.  <u>Id.</u>

Thus, the administrative law judge did not err in determining that Plaintiff did not file an application for SSI benefits.

In his third issue on appeal, Plaintiff claims that the administrative law judge erred by failing to make borderline age findings since he was approximately five months away from turning age 55 on the date of the decision.  Plaintiff's Opening Brief, pp. 12-14.  As the undersigned finds that this issue has merit, neccesitating a remand, Plaintiff's other issues on appeal will not be addressed as they may be affected by the Commissioner's treatment on remand.  <u>See</u> <u>Watkins v.Bowen</u>, 350 F.3d 1297, 1299 (10th Cir. 2003)

At step five of the sequential evaluation process, the Commissioner bears the burden to demonstrate that a claimant retains the ability to perform work that exists in the national economy.  <u>Channel v. Heckler</u>, 747 F.2d 577, 579 (10th Cir. 1984) (per curiam).  The Commissioner promulgated medical-vocational guidelines, commonly referred to as "the grids," to assist with the step five burden.  <u>Id.</u> at 578; 20 C.F.R. Pt. 404,

Subpt. P, App. 2.  "The grids are matrices of the 'four factors identified by Congress - physical ability, age, education, and work experience - [which] set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'"  Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-62 (1983)).  Thus, in appropriate circumstances, the Commissioner may rely on the grids to meet the burden at step five. Id.

The grids divide claimants into three age categories: 1) younger individual (less than age 50), 2) closely approaching advanced age (ages 50-54), and 3) advanced age (ages 55 and older).  20 C.F.R. § 404.1563.  If the administrative law judge's RFC (physical ability) and vocational (age, education, and work experience) findings coincide with a grid rule's categories, then the rule directs a conclusion as to whether or not the claimant is disabled.  20 C.F.R., Pt. 404, Subpt. P, App. 2, § 200.000.  However, "the grids may not be applied conclusively in a given case unless the claimant's characteristics precisely match the criteria of a particular rule."  Channel, 747 F.2d at 579.

Recognizing the inherent arbitrariness of classifying claimants by age, the Commissioner's regulations provide that the agency "will not apply the age categories mechanically in a borderline situation."  20 C.F.R. §§ 404.1563(b).  A borderline situation exists "when there would be a shift in results caused by the passage of a few days or months."  Lambert v. Chater, 96 F.3d 469, 470 (10th Cir. 1996) (quoting Soc. Sec. Ruling 82-46c) (quotations omitted)).  Instead of strictly classifying a claimant by age in such situations, the Commissioner should, consistent with carrying the burden to prove that

7

a claimant's characteristics precisely fit a grid rule, "determine based on whatever evidence is available which of the [age] categories on either side of the borderline best describes the claimant." <u>Daniels</u>, 154 F.3d at 1136. Although neither the Commissioner nor the Tenth Circuit Court of Appeals has provided specific guidance on when a borderline situation exists, the circuit court has found one to exist when a claimant was within six months of the next higher age category. <u>Cox v. Apfel</u>, No. 98-7039, 1998 WL 864118, at *4 (10th Cir. Dec. 14, 1998).[2] The claimant's age on the date the administrative law judge renders a decision controls the question as to which grid age category should be applied so long as the claimant's insured status has not expired on that date. <u>See</u> <u>Baker v. Chater</u>, No. 95-7001, 1995 WL 656987, at *2 (10th Cir. Nov. 8, 1995); <u>see also</u> <u>Daniels</u>, 154 F.3d at 1132 n.4; Soc. Sec. Rul. 83-10.

The administrative law judge found that Plaintiff, who was five months shy of his fifty-fifth birthday on the date of her decision, was an individual closely approaching advanced age,[3] had limited education, no transferable skills, and the ability to perform light work. <u>See</u> Tr. 16-17. Relying on these findings and their corresponding grid categories, the administrative law judge determined that Rule 202.11 directed a conclusion that Plaintiff was not disabled. Tr. 17. Plaintiff argues that a borderline age situation existed because he was five months from the advanced age category, so the

---

[2] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

[3] The administrative law judge actually erroneously lists Plaintiff's age as 45 years old and a "younger individual" on the alleged disability onset date. Tr. 16. However, when she turned to the grids, she applied Rule 202.11 which applies to 50-54 year old individuals "closely approaching advanced age." Plaintiff's assertion that the administrative law judge analyzed his claim as though he was 45 years old as of the date of the decision appears to be incorrect.

administrative law judge should have made findings addressing the borderline age issue to justify her conclusive application of the grids. See Plaintiff's Brief, pp. 12-14.  An individual of advanced age with the same vocational characteristics as Plaintiff, that is, limited education, no transferable skills, and RFC for light work, is considered disabled under Rule 202.02.

In defense of the failure to make borderline age findings, the Commissioner argues that a borderline situation did not exist so findings addressing it were not required. Commissioner's Brief, pp. 13-14.  However, as noted above, that approach is contrary to the way the Tenth Circuit Court of Appeals has treated a claimant who was within six months from the next higher age category.  See Cox, 1998 WL 864118, at *4 ; see also, Day v. Barnhart, No. CIV-02-1076-A, Report and Recommendation, pp. 6-8 (W.D. Okla. Dec. 11, 2003) (adopted Jan. 5, 2004) (slightly more than five months was borderline).

The Commissioner also contends that he "has broad discretion in application of the age categories found in the deadlines."  Commissioner's Brief, p. 13.  While it may be true that the Commissioner does have discretion to define what a borderline situation is, Daniels, 154 F.3d 1134 n.5, there is no evidence to suggest that such discretion was exercised as the decision does not refer to the issue whatsoever.  Tr. 17.

Since Plaintiff's fifty-fifth birthday was just a few days over five months away from the date of the final decision, a borderline age situation existed.  The administrative law judge erred by mechanically applying the age categories of the grids, rather than determining which of the categories on either side of the borderline best describes the Plaintiff.  See Daniels, 154 F.3d at 1136; 20 C.F.R. § 404.1563(b) ("We will not apply the

age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.").  For this reason, the matter should be reversed and remanded for the Commissioner to

> determine based on whatever evidence is available which of the categories on either side of the borderline best describes the claimant, [so that] the Commissioner may apply that category in using the grids.  Like any factual issue, a finding regarding the appropriate age category in which to place a claimant must be supported by substantial evidence.

Daniels, 154 F.3d at 1136.  To be sure, the Commissioner may still conclude that Plaintiff was most appropriately categorized at the relevant time as an individual closely approaching advanced age.  But if he so concludes, there must be a finding, supported by substantial evidence, in the decision.  Id.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of Social Security Administration is not supported by substantial evidence and thus should be reversed and remanded for additional proceedings consistent with this Report and Recommendation.  The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 10, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report

and Recommendation disposes of all issues referred to the undersigned Magistrate Judge
in the captioned matter.

**ENTERED this 20th day of June, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE